Dear Mr. Guinn:
This office is in receipt of your request for an opinion regarding the Louisiana Opportunity Loan Program ("LA-OP"), specifically with respect to a number of loans which will shortly be transferred to the Louisiana Student Financial Assistance Commission ("LASFAC") by the Louisiana Public Facilities Authority ("LPFA").
According to your request, the LA-OP program, administered by LASFAC, was created statutorily at LSA-R.S. 17:3045, et seq. for the purpose of providing non-subsidized student loans to middle income families who would not otherwise qualify for student loans because of income. Act 4 of the Third Extraordinary Session of 1991 appropriated $3,000,000 to LASFAC for the program, $750,000 of which came from state general funds and $2,250,000 in the form of a seed advance (statutory dedication) which must be repaid. In order to maximize the availability of loans under the program, LASFAC entered into a Memorandum of Understanding with the LPFA whereby the LPFA utilized the $3,000,000 appropriated for the LA-OP in connection with the issuance of certain revenue bonds (the "Bonds"). It is our understanding that all of the outstanding Bonds have been paid or defeased, or will shortly be paid or defeased. In accordance with the bond documents securing the issuance of the Bonds, particularly the Indenture of Trust, all remaining outstanding student loans still in existence after the Bonds have been paid or defeased are to be returned to LASFAC.
Your letter advises that the 1992 Reauthorization of the Higher Education Act of 1965 created a federal unsubsidized student loan program, obviating the need for the LA-OP program. As such, LA-OP exists today only insofar as there are LA-OP loans outstanding. In this regard, your letter states that LASFAC does not have the budget or the resources to service the loans that will be transferred to it under the terms of the Indenture of Trust. Your letter also states that the LPFA has indicated that it is willing to buy the loans at a discount, which would result in the return of unencumbered funds.
Specifically, you seek the advice of this office with respect to the following issues:
 1. "In the event any assets remaining in the Trust are in the form of outstanding loans, may LASFAC sell those loans, at a discount, to LPFA?"
 2. "In the event any assets of the Trust exceed the $2,250,000.00 statutory dedication that must be repaid, and assuming LASFAC obtains the appropriate budgetary authority, may LASFAC retain and expend the surplus for the purpose of providing grants to financially needy students attending post-secondary educational institutions in the state?"
Addressing your first question, we note that LSA-R.S. 17:3021 provides that one of LASFAC's purposes is to "supervise, control, direct, and administer" state loan programs "in accordance with the provisions of this Chapter." LA-OP is a state loan program which is administered by LASFAC under the provisions of LSA-R.S. 17:3045-3045.8. Since LA-OP is one of the state loan programs administered by LASFAC, it is the opinion of this office that the provisions of Chapter 20 (LSA R.S. 17:3021-3036.1) apply to the LA-OP program. In this regard, we have examined the provisions of LSA-R.S. 17:3023.3, which pertinently provide:
 "The Louisiana Student Financial Assistance Commission is empowered to authorize the granting of guaranteed student loans made pursuant to the provisions of this Chapter out of reserve funds of said commission, and _shall have the authority to sell or discount, or both, said loans to banks, credit unions and other authorized lending institutions, at such consideration and upon such terms as may be agreed upon by the commission." (Emphasis supplied).
Based upon the advice of the Office of Student Financial Assistance's General Counsel it is our understanding that all LA-OP loans qualify for guarantees under the Federal Family Education Loan Program, and as such, are considered to be "guaranteed student loans" as that term is utilized in LSA-17:203.3, and other provisions of law. With respect to the words "reserve funds" we note that LSA-R.S. 17:3024 provides that LASFAC is to utilize funding it receives to meet its administrative expenses and to "provide a reserve fund to guarantee [student] loans". In the opinion of this office, "reserve funds", as utilized in LSA-R.S. 17:3023.3, indicates the funds of the commission, such as LA-OP funds, which are set aside for the purpose of guaranteeing student loans. With respect to the words "authorized lending institutions", we take cognizance that the LPFA has originated and purchased guaranteed student loans made on behalf of Louisiana residents for many years. As such, it is the opinion of this office that the LPFA, with respect to such loans, can be considered to be an "authorized lending institution" as the term is used within LSA-R.S. 17:3024.
In response to your first question, it is the opinion of this office that LASFAC has the authority to sell to the LPFA any outstanding LA-OP student loans which are returned to LASFAC after the Bonds have been paid or defeased.
With respect to your second question, we note for your attention that the Louisiana Constitution requires that "All money received by the state or by any state board, agency, or commission shall be deposited immediately in the state treasury ". La. Const. Art. VII, Sec 9(A). Also pertinent to your second question are the provisions of La. Const.Arts. III, Sec 16 and VII, Sec. 10(D) which prohibit moneys from being withdrawn from the state treasury in the absence of a specific appropriation and La. Const. Art. VII Sec. 11 which calls for the preparation of the State's budget and submission of a general appropriation bill to the legislature. As called for by the Constitution, Title 39, Subtitle I, Chapter 1, Part II (LSA-R.S. 39:21, et seq.) provides for the development, enactment and execution of the State's operating budget.
In response to your second question, it is the opinion of this office that any funds received by LASFAC as the result of the sale of outstanding LA-OP loans must, in accordance with La. Const Art. VII, Sec. 9(A), be immediately deposited in the state treasury. It is the further opinion of this office that after deposit in the state treasury, funds received by LASFAC as the result of the sale of the LA-OP loans can only be expended by LASFAC pursuant to appropriation, as well as appropriate budgetary authority.
We trust the foregoing to be of assistance. Should the Office of Financial Assistance or the Louisiana Student Financial Assistance Commission require this office's help in the future, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam